IN THE UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BEVERLY GARDNER, )<br>as next of kin to decedent, )<br>RICKY E. GARDNER )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )<br> )<br>JOE EASTERLING, individually, and in his )<br>Official capacity as Warden of Corrections )<br>Corporation of America for the Hardeman )<br>County Correctional Facility, AND )<br>CORRECTIONS CORPORATION OF )<br>AMERICA, AND HARDEMAN COUNTY )<br>CORRECTIONAL FACILITY and )<br>HARDEMAn COUNTY CORRECTIONAL )<br>FACILITIES CORPORATION )<br>    Defendants. ) | Docket No: |

## COMPLAINT

COMES the Plaintiff, Beverly Gardner as next of kin of the Decedent, Ricky E. Gardner, and files this action under the 8th Amendment of the United States Constitution, and under 42 U.S.C. § 1983. Plaintiff also brings this action Pursuant to T.C.A. 20-5-106 for the wrongful death of the Decedent, Ricky E. Gardner.

## JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C.A § 1331 and 28 U.S.C.A. § 1343.

2. The claims for relief and causes of action alleged in this complaint arise under 42 U.S.C.A § 1983, and the 8th Amendment to the United States Constitution. (U.S. Constitution Eighth Amendment).

## PARTIES

3. Plaintiff, Beverly Gardner (hereafter referred to as "Mrs. Gardner"), is a natural person and next of kin to the decedent, Ricky E. Gardner, and during all relevant times of this action was a resident of Nashville, Davidson County, Tennessee.

4. Decedent, Ricky E. Gardner (hereafter referred to as "Decedent"), was during all relevant times of this action, an inmate at the Corrections Corporation of America Hardeman County Correctional Facility, Inmate Number 00113119.

5. Defendant, Joe Easterling (hereafter referred to as "Warden"), is now, and at all times mentioned, was Warden of the Corrections Corporation of America Hardeman County Correctional Facility.

6. Defendant, Corrections Corporation of America (hereafter referred to as "CCA"), is now, and at all times mentioned was, a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215. At all times relevant to this action defendant managed a correctional facility, known as Hardeman County Correctional Facility.

7. Defendant, Hardeman County Correctional Facility, (hereafter referred to as "Facility"), is a State Prison in the State of Tennessee and is owned by the Hardeman County Correctional Facilities Corporation, which contracts with Correctional Corporation of America for management of the institution.

8. Defendant, Hardeman County Correctional Facilities Corporation, (hereafter referred to as "HCCFC") owns Hardeman County Correctional Facility and is a registered corporation in the State of Tennessee with its principal place of business at 201

Fourth Avenue North, Nashville, Tennessee 37219.

## FACTS

9. At all relevant times herein, Decedent, was an inmate at the Facility in Whiteville, Tennessee.

10. At all relevant times herein, the Warden, CCA, the Facility, HCCFC and other prison guards and officials at the Facility had the duty and responsibility to ensure the safety of its inmates, including Decedent.

11. Upon information and belief, Decedent was housed with an inmate whom the Warden, CCA, the Facility, HCCFC and other prison officials and guards at the Facility knew and had reason to believe to be mentally unstable and often violent. Said inmate was known by the Warden, CCA, the Facility, HCCFC and other prison officials and guards at the Facility to have a propensity for violence and posed a danger to inmate safety.

12. Upon information and belief, on April 19, 2010, Decedent, while in his prison cell, was strangled to death by said inmate.

13. Upon information and belief, two (2) days after the death of the decedent, Mrs. Gardener was notified of decedent's death.

14. Decedent's death was caused by manual strangulation by said inmate and the manner of death was declared a Homicide.

15. Upon information and belief, Decedent, died because he was housed with a mentally unstable, dangerous, and violent inmate, all of which was known by the Warden, CCA, the Facility, HCCFC and other prison officials and guards at the Facility.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. § 1983

16. Plaintiff restates and incorporates by reference each allegation above, as if it were set out here.

17. Acting under color of state law, The Warden, CCA, the Facility and HCCFC were deliberately indifferent and grossly negligent of their responsibility to Decedent while he was in their care, control, and custody as an inmate at the Facility.

18. The deliberate indifference and gross negligence resulted in violations of the civil rights of Decedent as guaranteed by the 8th Amendment to the United States Constitution ( U.S. Constitution, Eight Amendment), in which Decedent was deprived of humane conditions of confinement, rendering the Warden, CCA, the Facility and HCCFC liable under 42 U.S.C.A § 1983.

19. The Warden, CCA, the Facility and HCCFC acted with deliberate indifference to the Decedent's safety and failed to protect Decedent from violence at the hands of another inmate.

20. The Warden, CCA, the Facility and HCCFC knew of and disregarded the excessive risk to Decedent's safety such inmate posed, but nonetheless, housed Decedent with said inmate and refused to place Decedent in another cell, thus disregarding the serious risk of harm such inmate posed.

21. The Warden, CCA, the Facility and HCCFC failed to separate Decedent from the violent inmate when they knew or should have known of said inmates violent propensities and behavior and that such failure would result in acts and threats of physical

violence and serious harm to the Decedent's safety.

22. The Warden, CCA, the Facility and HCCFC failed to adequately supervise the actions or inactions of the correction guards, officers, and employees and failed to provide and maintain adequate security measures at the Facility, knowing and disregarding that such a violent and dangerous inmate was housed with the Decedent and that a substantial risk of harm to the Decedent existed, such that Decedent suffered acts of physical violence from whom Decedent was not reasonably protected.

## COUNT II

### NEGLIGENCE

23. Plaintiff restates and incorporates by reference each allegation above, as if it were set out here.

24. The Warden, CCA, the Facility and HCCFC were Negligent under Tennessee State Law for the aforementioned actions.

**WHEREFORE, PLAINTIFF PRAYS:**

1. That proper process issue and be served on the Defendants, requiring an answer to this Complaint within the time required by law.
2. For a judgment against the Defendant for compensatory damages in the amount of $1,000,000.00;
3. Punitive damages in the amount of $250,000.00;
4. For a jury of twelve (12) persons to try this cause;
5. For such other, further and general relief to which this court deems may be appropriate, including cost and reasonable attorney's fees.

Respectfully submitted,

_____
LUVELL L. GLANTON (#14172)
Law Offices of Luvell Glanton
Attorney for Plaintiff
915 Jefferson Street, 2nd Floor
Nashville, TN 37208
(615) 244-4511